IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT SHEPARD,<br><br>        Petitioner,<br><br> vs.<br><br>CONNIE GIPSON, Warden,<br><br>        Respondent. | No. C 12-4401 LHK (PR)<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS; DENYING CERTIFICATE OF APPEALABILITY<br><br>(Docket No. 13) |

Petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 1998 sentence imposed by the Superior Court of Monterey County. The Court directed Respondent to file a motion to dismiss on procedural grounds, or file a notification that such a motion was unwarranted. Respondent has filed a motion to dismiss the petition as untimely and procedurally defaulted. Petitioner has filed an opposition, and Respondent has filed a reply. For the reasons stated below, the Court GRANTS Respondent's motion to dismiss the petition as untimely.

## I. BACKGROUND

On April 23, 1998, Petitioner was sentenced to a term of 25-years to life in state prison upon conviction of battery by a state prisoner on a person not a prisoner, and the true finding that Petitioner had two prior "strikes." (Mot. at 1.) On January 5, 2000, the California Court of Appeal affirmed. (Reply, Ex. 4.) Petitioner did not file a petition for review in the California

1  Supreme Court.  On February 10, 2010, Petitioner filed a state habeas petition in Superior Court.
2  (Mot. at 2.)  On June 29, 2010, the California Court of Appeal denied Petitioner's state habeas
3  petition.  (Mot., Ex. 1.)  On March 2, 2011, the California Supreme Court denied Petitioner's
4  state habeas petition.  (Mot., Ex. 3.)  Petitioner's underlying federal petition was file-stamped on
5  August 21, 2012.

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996, and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners.  Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).  Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit.  28 U.S.C. § 2244(d)(2).

The one-year period generally will run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  Here, Petitioner's conviction became final 40 days after the state appellate court affirmed the judgment.  *See Smith v. Duncan*, 297 F.3d 809, 813 (9th Cir. 2002), *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  Thus, Petitioner's conviction became final on February 14, 2000, and he had until February 14, 2001, to file his federal habeas petition.  *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). Petitioner's federal petition, filed in August 2012, therefore, is untimely.

The one-year statute of limitations is tolled under § 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with

Order Granting Respondent's Motion to Dismiss; Denying Certificate of Appealability
G:\PRO-SE\SJ.LHK\HC.12\Shepard401mtdtime.wpd       2

respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Here, there is no basis for statutory tolling because Petitioner's first state habeas petition was not filed until 2010, approximately 11 years after the limitations period had already expired. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed).

Petitioner also does not argue that he is entitled to equitable tolling. The Supreme Court has determined that Section 2244(d) is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562 (internal quotation marks omitted). Once a petitioner is notified that his petition is subject to dismissal based on AEDPA's statute of limitations and the record indicates that the petition falls outside the one-year time period, the petitioner bears the burden of demonstrating that the limitation period was sufficiently tolled under statutory or equitable principles. *See Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002).

Here, even though Petitioner was given notice that the petition was subject to dismissal, and was provided an opportunity to respond, Petitioner failed to present any argument as to why his petition should be considered timely. Thus, he has not met his burden of demonstrating that he is entitled to equitable tolling.

To the extent Petitioner is attempting to claim that he is actually innocent, the Ninth Circuit has adopted an "actual innocence" exception to AEDPA's one-year statute of limitations. *See Lee v. Lampert*, 653 F.3d 929, 936-37 (9th Cir. 2011). To fall within this exception, the petitioner must show "'it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence.'" *Id.* at 938 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). In the federal petition, Petitioner claims that the trial court improperly imposed a sentence on a dismissed count, and the trial court imposed an excessive fine. In neither of these claims does Petitioner argue that he has discovered any "new" evidence. The "actual

1  innocence" exception is applicable only in the "extraordinary case," *see id.*, and Petitioner fails
2  to make the requisite showing.

3      Accordingly, the petition must be dismissed as untimely under 28 U.S.C. § 2244(d).[1]

4  **III.**    **CONCLUSION**

5      Respondent's motion to dismiss the petition is GRANTED.  The instant petition is
6  DISMISSED.  The Clerk shall terminate all pending motions and close the file.

7  **IV.**    **CERTIFICATE OF APPEALABILITY**

8      For the reasons set out in the discussion above, Petitioner has not shown "that jurists of
9  reason would find it debatable whether the district court was correct in its procedural ruling."
10 *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Accordingly, a COA is DENIED.

11     **IT IS SO ORDERED.**

12 DATED:  5/11/13
                                        LUCY H. KOH
13                                         United States District Judge

---

28    [1] Because the Court is dismissing the petition on timeliness grounds, it is unnecessary to address Respondent's alternative argument that the petition is procedurally defaulted.